## LAVERY v. LOGAN SCHOOL DIST. NO. 1.

Laws 1907, c. 135, § 119, provides that a school board may direct the removal of a schoolhouse to another location, upon a vote of a majority of the electors of the entire district. **Held**, that an allegation, in a pleading in an action to compel return of a schoolhouse as illegally removed, that 65 electors out of 150 qualified electors voted in favor of the removal sufficiently shows that a majority of the electors had not voted for removal.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Potter County. Hon. LYMAN T. BOUCHER, Judge.

Action by John F. Lavery for mandamus against Logan School District No. 1. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Frank Turner,* for appellant. *James W. McCarter,* for respondents.

McCOY, J. The defendants and respondents, as members of the school board of Logan school district, in Potter county, caused the removal of a schoolhouse from the original site, where said schoolhouse had been situated for some 20 years, to a place in the village of Tolstoy in said district. This proceeding was instituted by the appellant, as a taxpayer and resident of said district, to compel the said school board, by mandamus, to remove said schoolhouse back to its original location. After the removal of said schoolhouse to Tolstoy, and before the beginning of this action, a special election was held in said Logan school district, submitting to the voters of said district the proposition of said removal of said schoolhouse to Tolstoy. In appellant's complaint he has made the following allegation: "That at the said election there were only 65 votes cast in favor of said proposition, and that there were over 150 qualified electors residing in said district qualified to vote on the said proposition, and that the proposition, not having received the votes of a majority of the electors of said district, was lost, and the said removal and said retention of the said schoolhouse at the location where it is now situated is contrary to law and unauthorized, and that the said schoolhouse belongs on, and it is the duty of the said school board to remove the same back to, the original location." At the hearing of the application for alternative writ of mandamus the defendants demurred, and objected to the sufficiency of the complaint, contending that the portion of said petition relative to said election was wholly insufficient to authorize the court to issue the writ of mandamus. The court sustained the demurrer, and entered judgment for defendants. Plaintiff has appealed to this court, urging such ruling of the court as error.

Section 119, c. 135, p. 243, Laws 1907, provides that the school board shall have power to direct the removal of a school-house to a more convenient location upon a vote of the majority of the electors of the entire district. The sole question presented for consideration is whether or not the allegation of the complaint that 65 votes were cast in favor of such removal, and that there were more than 150 qualified electors residing in said district, was sufficient to show a majority of the electors of said district had not voted to remove said schoolhouse. This precise question was passed upon and decided in the case of Williamson v. Aldrich, 21 S. D. 13, 108 N. W. 1063. The demurrer to the complaint should have been overruled.

The judgment appealed from is reversed, and the cause remanded for further proceedings.